1   J. Andrew Coombs (SBN 123881)
    andy@coombspc.com
2   Annie S. Wang (SBN 243027)
    annie@coombspc.com
3   J. Andrew Coombs, A P. C.
    517 E. Wilson Ave., Suite 202
4   Glendale, California 91206
    Telephone:  (818) 500-3200
5   Facsimile:   (818) 500-3201

6   Attorneys for Plaintiff
    Deckers Outdoor Corporation

7

8

9

10                  UNITED STATES DISTRICT COURT

11                 CENTRAL DISTRICT OF CALIFORNIA

12   Deckers Outdoor Corporation,          )   Case No. CV11·00415 SVW (CWX)
                                           )
13                         Plaintiff,       )   COMPLAINT FOR TRADEMARK
                                           )   INFRINGEMENT, TRADEMARK
14        v.                                )   DILUTION AND UNFAIR
                                           )   COMPETITION
15   Cassandra Dalton a/k/a Cassandra Toney )
     and Does 1 – 10, inclusive,            )   DEMAND FOR JURY TRIAL
16                                          )
                           Defendants.      )
17                                          )

18

19        Plaintiff Deckers Outdoor Corporation ("Deckers") alleges as follows:

20                     **JURISDICTION AND VENUE**

21        1.    This Court has original subject matter jurisdiction over the claims in this

22   action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, et seq., 28

23   U.S.C. § 1338(a) and 28 U.S.C. § 1331.  This Court has jurisdiction over the claims

24   in this action that arise under the law of the State of California pursuant to 28 U.S.C.

25   § 1367(a), because the state law claims are so related to the federal claims that they

26   form part of the same case or controversy and derive from a common nucleus of

27   operative facts.

28

2.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b). A substantial part of the events giving rise to Deckers claims occurred in this judicial district.

## INTRODUCTION

3.      This action has been filed by Deckers to combat the willful sale of unlicensed and counterfeit products ("Infringing Product"), specifically including its core product of UGG® boots, bearing Deckers exclusive trademarks.  Defendants in this action are sellers of counterfeit Deckers UGG® branded boots through Internet sites, including but not necessarily limited to Facebook.com (the "Website").  Defendants, through such active manufacturing, purchasing, distributing, offering of sale and selling such unlicensed and counterfeit footwear, Deckers is irreparably damaged through consumer confusion, dilution and tarnishment of its valuable trademarks.

4.      Deckers seeks a permanent injunction, damages, costs and attorney's fees as authorized by the Lanham Act and California law.

## THE PARTIES

5.      Deckers is a Delaware corporation that designs and markets footwear. Its principal place of business is at Goleta, California.

6.      Defendant Cassandra Dalton also known as Cassandra Toney ("Dalton") is an individual, and upon information and belief resides in the city of Somerset, Kentucky.  Dalton transacts business via offers on Facebook.com, by selling, offering for sale, importing, advertising and distributing the Infringing Product in this judicial district.

7.      Deckers is informed and believes, and upon that basis alleges, that defendants John Does 1-10 are entities or individuals who are residents in this judicial district and are subject to the jurisdiction of this Court.  Deckers is informed and believes, and upon that basis alleges, that Does 1-10 are entities or individuals

1    who are manufacturing, distributing, importing, displaying, advertising, promoting,

2    selling and/or offering for sale, merchandise in this judicial district which infringes

3    the Deckers Trademarks ("Deckers Trademarks" defined below in para. 14). The

4    identities of the various Does are unknown to Deckers at this time. Upon

5    information and belief, said fictitiously named defendants are liable to Deckers on

6    the basis of the same allegations made herein against Does. Deckers will seek leave

7    to amend this Complaint to insert the true names and capacities when the same are

8    ascertained. Dalton and Does 1-10 are collectively referred to herein as

9    "Defendants".

10                           **FACTUAL BACKGROUND**

11         8.    Deckers has become well known throughout the United States and

12   elsewhere as a source of high quality footwear products, including the UGG® brand

13   of premium sheepskin footwear. Deckers' UGG® products are distributed and sold to

14   consumers through retailers throughout the United States and through the

15   www.uggaustralia.com website.

16         9.    Since acquiring the UGG® trademark and the goodwill of the business in

17   1995, Deckers has continuously sold footwear and clothing under the UGG® brand.

18   Deckers has built substantial goodwill in the UGG® brand. The UGG® brand is

19   famous and a valuable asset of Deckers.

20         10.   Deckers has adopted, used and owns the "UGG" or UGG® trademark

21   for footwear. Deckers is the owner of U.S. Trademark Registration No. 3,050,925

22   for its "UGG" or UGG® trademark ("the UGG registered trademark"). The "UGG"

23   or UGG® trademark has been used continuously since at least as early as 1979 by

24   Deckers and its predecessors in interest. A true and correct printout of the details of

25   this registration is attached hereto as Exhibit "A". The registration is valid and

26   subsisting.

27

28

Deckers v. C. Dalton: Complaint                    - 3 -

11.     Deckers has adopted and used and owns the Sun Logo trademark ("Sun Logo registered trademark") in connection with its UGG® brand of footwear:



Deckers is the owner of U.S. Trademark Registration No. 2,314,853 for its Sun Logo registered trademark.  The Sun Logo registered trademark has been used continuously since at least as early as March 1997 in connection with footwear and clothing.  A true and correct printout of the details of this registration is attached hereto as Exhibit "B".  The registration is valid, subsisting and incontestable under 15 U.S.C. § 1065.  The UGG registered trademark and the Sun Logo registered trademark are collectively referred to as the Deckers Trademarks.

12.     The Deckers Trademarks are distinctive when applied to the high quality apparel, footwear and related merchandise signify to the purchaser that the products come from Deckers and are manufactured to the highest quality standard.  Whether Deckers manufactures the products itself, or licenses others to do it, Deckers has insured that products bearing its trademarks are manufactured to such standards.  Deckers' products have been widely accepted by the public and are enormously popular, as demonstrated by millions of dollars in sales each year.

13.     This enormous popularity is not without cost, as evidenced by the increasing number of counterfeiters in the United States and around the world.  Indeed, it is a modern irony that companies measure success by the extent of their counterfeiting problem.

**DEFENDANTS' UNLAWFUL CONDUCT**

14.     Defendants are involved in the importation, manufacture, purchase, distribution, offering for sale and/or sale of counterfeit and/or infringing footwear bearing the Deckers Trademarks to the general public, including through sales over the internet.

15.     Deckers is informed and believes and based thereon alleges that Defendants processes purchases of counterfeit and infringing footwear incorporating likenesses of one or more of the Deckers Trademarks.

### FIRST CLAIM FOR RELIEF

### (Trademark Infringement)

16.     Deckers hereby repeats and alleges the allegations set forth in paragraphs 1 through 15 above, as if set forth fully herein.

17.     Deckers' claim arises under Sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114 and 1125, for infringement of registered and unregistered marks.

18.     Deckers owns the exclusive trademark rights to those trademarks listed on Exhibit "A" and "B". All of the trademark registrations are in full force and effect. The Sun logo registration of Exhibit B has become incontestable pursuant to 15 U.S.C. § 1065.

19.     All advertising and products, including apparel, footwear and related merchandise, which have been sold by Deckers, or under its authority, have been manufactured and distributed in conformity with the provisions of the United States trademark law.

20.     Notwithstanding Deckers' well known and prior common law and statutory rights in the Deckers Trademarks, Defendants have, with actual and constructive notice of Deckers' federal registration rights, and long after Deckers established its rights in the Deckers Trademarks, adopted and used the Deckers Trademarks in conjunction with the manufacture, purchase, distribution, offer of sale and sale of footwear in interstate commerce.

21.     Defendants have caused to be imported, distributed, offered for sale and sold footwear bearing one or more of the Deckers Trademarks without the authorization of Deckers. Defendants' manufacture, purchase, distribution, offer for sale and sale of footwear and related merchandise bearing the Deckers Trademarks

in interstate commerce has and is likely to cause confusion, deception and mistake or to deceive as to the source and origin of the footwear and related merchandise in that the buying public will conclude that the products sold by Defendants are authorized, sponsored, approved or associated with Deckers.

22.    Such confusion, deception and mistake has occurred as a direct result of Defendants' display, advertising and promotion, both in-store and otherwise, of the infringing footwear and other merchandise.

23.    Upon information and belief, Defendants' activities have also caused actual confusion with consumers as to the source and origin of such footwear and other merchandise.

24.    Defendants' infringing activities will cause irreparable injury to Deckers if Defendants are not restrained by the Court from further violation of Deckers' rights, as Deckers has no adequate remedy at law.

25.    Deckers has suffered damages as a result of the aforesaid acts. Defendants have profited from its unlawful activities.  Unless Defendants' conduct is enjoined, Deckers and its goodwill and reputation will continue to suffer irreparable injury which cannot be adequately calculated or compensated solely by money damages.  Accordingly, Deckers seeks preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

26.    ~~Defendants' use in commerce of the Deckers Trademarks in the sale of~~ footwear and related merchandise is an infringement of Deckers' registered trademarks in violation of 15 U.S.C. §§ 1114(1) and 1125.

27.    Defendants committed the acts alleged herein intentionally, fraudulently, maliciously, willfully, wantonly and oppressively with the intent to injure Deckers and its business.  Accordingly, Deckers is entitled to a judgment of three times its damages and Defendants' profits, together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

28.     In order to determine the full extent of such damages, including such profits, Deckers will require an accounting from each Defendant of all monies generated from the manufacture, importation, distribution and/or sale of the infringing footwear as alleged herein.

29.     The unlicensed footwear bearing the Deckers Trademarks, which was sold, distributed and offered for sale by Defendants constitutes counterfeit products pursuant to 15 U.S.C. § 1116(d).

## SECOND CLAIM FOR RELIEF

### (Lanham Act - Unfair Competition)

30.     Deckers hereby repeats and realleges the allegations set forth in paragraphs 1 through 29 above, as if set forth fully herein.

31.     Deckers' claim arises under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and (d) for false designation of origin and false descriptions and representations in interstate commerce.

32.     As a direct result of Deckers' longstanding use, sales, advertising and marketing, the Deckers Trademarks have acquired secondary and distinctive meaning among the public who have come to identify the Deckers Trademarks with Deckers and its products.

33.     The unauthorized and counterfeit footwear and related merchandise which has been manufactured, purchased, distributed, offered for sale and sold by Defendants, duplicates and appropriates the Deckers Trademarks in order to delude and confuse the public into believing that such footwear and related merchandise are authorized, sponsored, approved or associated with Deckers.

34.     Defendants, by misappropriating and using the likenesses of the Deckers Trademarks in connection with the sale of such products, are misrepresenting and will continue to misrepresent and falsely describe to the general public the origin and sponsorship of their products.  Defendants have caused such

products to enter into interstate commerce willfully, with full knowledge of the falsity of the designation of their origin and description and representation in an effort to mislead the purchasing public into believing that their products are authorized or emanate from Deckers.

35.     Such confusion, deception and mistake has occurred as a direct result of Defendants' display, advertising and promotion, of the infringing footwear and other merchandise.

36.     Defendants' use in commerce of the Deckers Trademarks in the sale of footwear and related merchandise is an infringement of Deckers' registered trademarks in violation of 15 U.S.C. § 1125.

37.     Defendants have profited from their unlawful activities.  Unless Defendants' conduct is enjoined, Deckers and its goodwill and reputation will continue to suffer irreparable injury which cannot be adequately calculated or compensated solely by money damages.  Accordingly, Deckers seeks preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

38.     Deckers has suffered monetary damages as a result of Defendants' acts. In order to determine the full extent of such damages, including such profits as may be recoverable; Deckers will require an accounting from Defendants of all monies generated from the manufacture, importation, distribution and/or sale of the infringing footwear as alleged herein.

39.     Accordingly, Deckers is entitled to a judgment of three times its damages and Defendants' profits, together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

### THIRD CLAIM FOR RELIEF

### (Lanham Act - Dilution of Famous Mark)

40.     Deckers hereby repeats and realleges the allegations set forth in paragraphs 1 through 39 above, as if set forth fully herein.

41.   Decker's claim arises under Section 43 of the Lanham Act, 15 U.S.C. § 1125(c).

42.   As a result of Deckers' continuous promotion of its products in conjunction with the Deckers Trademarks, the Deckers Trademarks have become recognized as distinctive and famous trademarks.

43.   Defendants' use in commerce of the Deckers Trademarks began after the Deckers Trademarks had become famous and has caused dilution of the distinctive quality of the marks.  Such conduct has caused injury to Deckers pursuant to 15 U.S.C. § 1125(c).

44.   Such dilution has occurred as a direct result of Defendants' display, advertising and promotion, both in-store and otherwise, of the infringing footwear and other merchandise.

45.   Defendants willfully intended to trade on Deckers' reputation and/or to cause dilution of the famous trademarks.  Accordingly, Deckers is entitled to recover its damages, as well as Defendants' profits received as a result of the infringement, pursuant to 15 U.S.C. § 1117(a).

46.   Unless Defendants' conduct is enjoined, Deckers and its goodwill and reputation will suffer irreparable injury which cannot be adequately calculated or compensated solely by money damages.  Accordingly, Deckers seeks permanent injunctive relief pursuant to 15 U.S.C. § 1116 and 15 U.S.C. § 1125(c) (1).

## FOURTH CLAIM FOR RELIEF

### (For Unfair Competition – California Law)

47.   Deckers hereby repeats and realleges the allegations set forth in paragraphs 1 through 46, above, as if set forth fully herein.

48.   The Deckers Trademarks have acquired secondary meaning indicative of origin, relationship, sponsorship and/or association with Deckers.  The purchasing public is likely to attribute to Deckers the use by Defendants of the Deckers

Trademarks or any of them, as a source of origin, authorization and/or sponsorship for Defendants' goods and therefore to purchase such goods based upon that erroneous belief.

49.     Deckers is informed and believes, and upon that basis alleges, that Defendants have intentionally appropriated the Deckers trademarks with the intent of causing confusion, mistake and deception as to the source of their goods and with the intent to palm off such goods as those of Deckers and, as such, Defendants have committed trademark infringement, misleading advertising and unfair competition, all in violation of the California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200, *et seq.*

50.     Defendants' appropriation, adoption and use of one or more of the Deckers Trademarks, including the sale and offering for sale of infringing shoes bearing or using one or more of the Deckers Trademarks in connection with the provision of goods is likely to cause confusion between Defendants' infringing product and the goods authorized and licensed by the Deckers, thus constituting a violation of the California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200, *et seq.*

51.     Deckers is informed and believes, and upon that basis alleges, that these deceptive, unfair and fraudulent practices have been undertaken with knowledge by Defendants of their wrongfulness. Deckers is informed and believes, and upon that basis alleges, that Defendants' use of Deckers' trademarks is for the willful and calculated purpose of misappropriating Plaintiff's goodwill and business reputation, at Deckers' expense and at no expense to Defendants. By taking one or more of the Deckers Trademarks, Deckers has been deprived of an opportunity to conduct business using its trademarks and deprived of the right to control the use of its trademarks and Defendants have been unjustly enriched.

52.    Deckers has no adequate remedy at law and has suffered and is continuing to suffer irreparable harm and damage as a result of Defendants' acts in an amount thus far not determined but within the jurisdiction of this Court.

53.    Deckers is informed and believes, and upon that basis alleges, that unless enjoined by the Court, the confusion and deception alleged herein and the likelihood thereof will continue with irreparable harm and damage to Deckers.

54.    Deckers is informed and believes, and upon that basis alleges, that Defendants have unlawfully and wrongfully derived and will continue to derive income, gains, profits and advantages as a result of their wrongful acts of unfair competition, in amounts thus far not determined but within the jurisdiction of this Court.  Deckers is informed and believes, and upon that basis alleges, that it has lost and will continue to lose profits and goodwill as a result of Defendants' conduct.

55.    By reason of the foregoing acts of unfair competition, Deckers is entitled to restitution from Defendants of all income, gains, profits and advantages resulting from their wrongful conduct in amounts to be determined according to proof at trial.

56.    In order to determine the full extent of such damages, including such profits as may be recoverable; Deckers will require an accounting from Defendants of all monies generated from the manufacture, importation, distribution and/or sale of the infringing product.

57.    Deckers is informed and believes, and upon that basis alleges, that Defendants committed the acts alleged herein intentionally, fraudulently, maliciously, willfully, wantonly and oppressively, with intent to injure Deckers in its business and with conscious disregard for Deckers' rights, thereby justifying awards of punitive and exemplary damages in amounts sufficient to punish and to set an example for others.

## FIFTH CLAIM FOR RELIEF

### (Dilution under California Law)

58.     Deckers hereby repeats and realleges the allegations set forth in paragraphs 1 through 57 above, as if set forth fully herein.

59.     Deckers is informed and believes, and upon that basis alleges, that Defendants' acts have caused a likelihood of injury to Deckers' goodwill and business reputation, impaired the effectiveness of Deckers' trademarks and diluted its distinctive trade names and trademarks.

60.     Deckers is informed and believes, and upon that basis alleges, that Defendants' acts violate the trademark laws of the State of California and, specifically, California Business and Professions Code, § 14247.

61.     Deckers has no adequate remedy at law and Defendants' conduct, if not enjoined, will continue to cause irreparable damage to Deckers' rights in their trademarks, trade name, reputation and goodwill.

## PRAYER FOR RELIEF

WHEREFORE, Deckers demands entry of a judgment against Defendants as follows:

1)     Permanent injunctive relief restraining Defendants, their officers, agents, servants, employees and attorneys, and all those in active concert or participation with them, from:

   a)     further infringing the Deckers Trademarks by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying or otherwise disposing of any products not authorized by Deckers, including, but not limited to footwear and related merchandise, bearing any simulation, reproduction, counterfeit, copy or colorable imitation of any of the Deckers Trademarks ("Unauthorized Products");

b)     using any simulation, reproduction, counterfeit, copy or colorable imitation of any of the Deckers Trademarks in connection with the promotion, advertisement, display, sale, offer for sale, manufacture, production, circulation or distribution of Unauthorized Products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Deckers, or to any goods sold, manufactured, sponsored or approved by, or connected with Deckers;

c)     making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed or sold by Defendants are in any manner associated or connected with Deckers, or are sold, manufactured, licensed, sponsored, approved or authorized by Deckers;

d)     engaging in any other activity constituting unfair competition with Deckers, or constituting an infringement of any of Deckers' trademarks or of Deckers' rights in, or to use or to exploit, said trademarks, or constituting any dilution of any of Deckers' names, reputations, or good will;

e)     effecting assignments or transfers, forming new entities or association or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) through (d);

f)     secreting, destroying, altering, removing or otherwise dealing with the Unauthorized Products or any books or records which may contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale,

advertising, promoting or displaying of all unauthorized products which infringe any of Deckers' trademarks; and

g)   aiding, abetting, contributing to or otherwise assisting anyone from infringing upon Deckers' trademarks.

2)   Directing that Defendants deliver for destruction all Unauthorized Products, including footwear, and labels, signs, prints, packages, dyes, wrappers, receptacles and advertisements relating thereto in their possession or under their control bearing any of The Deckers Trademarks or any simulation, reproduction, counterfeit, copy or colorable imitations thereof, and all plates, molds, heat transfers, screens, matrices and other means of making the same.

3)   Directing such other relief as the Court may deem appropriate to prevent the trade and public from gaining the erroneous impression that any products manufactured, sold or otherwise circulated or promoted by Defendants are authorized by Deckers, or related in any way to Deckers' products.

4)   That Deckers be awarded from Defendants, as a result of Defendants' sale of Unauthorized Products bearing the Deckers Trademarks, three times Deckers' damages there from and three times of each of Defendants' profits there from, after an accounting, or, in the alternative statutory damages, should Deckers opt for such relief, consisting of Two Hundred Thousand Dollars ($200,000.00) for each of the Deckers Trademarks infringed upon by each of the Defendants, and to the extent this Court concludes such infringement was willful, Two Million Dollars ($2,000,000), for each of The Deckers Trademarks infringed upon by the Defendants, pursuant to 15 U.S.C. § 1114 and § 1117.

5)   That Deckers be awarded from Defendants three times Deckers' damages there from and three times Defendants' profits there from, after an accounting, pursuant to 15 U.S.C. § 1125(a) and § 1117.

6)   That Deckers be awarded its reasonable attorney's fees and investigative fees pursuant to 15 U.S.C. § 1117.

7)   That Deckers be awarded punitive damages for Defendants' willful acts of unfair competition under California law.

8)   That Deckers be awarded its costs in bringing this action.

9)   That Deckers have such other and further relief that this Court deems just.

Dated:  January 13, 2011                    J. Andrew Coombs, A Professional Corp.


By:    J. Andrew Coombs
       Annie S. Wang
Attorneys for Plaintiff Deckers Outdoor
Corporation

1

<u>DEMAND FOR JURY TRIAL</u>

2

Pursuant to Federal Rule of Civil Procedure 38(b), Deckers Outdoor

3

Corporation hereby demands a trial by jury of all issues so triable.

4

5

DATED:  January 13, 2011          J. Andrew Coombs, A Professional Corp.

6

7

By:    J. Andrew Coombs

8

Annie S. Wang
Attorneys for Plaintiff Deckers Outdoor

9

Corporation

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Deckers v. C. Dalton: Complaint                    - 16 -

# EXHIBIT "A"

1

# EXHIBIT A

2

## UGG U.S. Registration No. 3,050,925

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

**United States Patent and Trademark Office**

Reg. No. 3,050,925

Registered Jan. 24, 2006

## TRADEMARK
### PRINCIPAL REGISTER



DECKERS OUTDOOR CORPORATION (DELA-
WARE CORPORATION)
495-A SOUTH FAIRVIEW AVENUE
GOLETA, CA 93117

FOR: MEN'S, WOMEN'S AND CHILDREN'S
FOOTWEAR, NAMELY, BOOTS, SHOES, CLOGS,
SLIPPERS; MEN'S, WOMEN'S AND CHILDREN'S
CLOTHING, NAMELY, COATS, JACKETS,
PONCHOS; WOMEN'S CLOTHING, NAMELY,
SKIRTS, MUFFS; CHILDREN'S BUNTINGS, IN
CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 12-28-1979; IN COMMERCE 12-28-1979.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

SER. NO. 78-976,129, FILED 1-21-2005.

BARBARA A. LOUGHRAN, EXAMINING ATTOR-
NEY

# EXHIBIT "B"

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>EXHIBIT B</u>

<u>Sun Logo U.S. Registration No. 2,314,853</u>

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

Reg. No. 2,314,853

# United States Patent and Trademark Office

Registered Feb. 1, 2000

## TRADEMARK
### PRINCIPAL REGISTER



WELLS FARGO BANK, N.A. (CALIFORNIA NA-
TIONAL BANKING ASSOCIATION)
495-A S. FAIRVIEW
GOLETA, CA 93117 BY ASSIGNMENT UGG HOLD-
INGS, INC. (CALIFORNIA CORPORATION)
GOLETA, CA 93117

FOR: FOOTWEAR, IN CLASS 25 (U.S. CLS. 22
AND 39).
FIRST USE 10-0-1996; IN COMMERCE 3-0-1997.

SN 75-249,238, FILED 2-28-1997.

GEORGE LORENZO, EXAMINING ATTORNEY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is Carla Woehrle.

The case number on all documents filed with the Court should read as follows:

### CV11- 415 SVW (CWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

```
J. Andrew Coombs  (SBN 123881)
Annie S. Wang (SBN 243027)
J. Andrew Coombs, A P. C.
517 E. Wilson Ave., Suite 202
Glendale, California 91206
Telephone:  (818) 500-3200
Facsimile:  (818) 500-3201
```

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Deckers Outdoor Corporation,<br><br>Plaintiff(s)<br><br>v.<br><br>Cassandra Dalton a/k/a Cassandra Toney<br>and Does 1 - 10, inclusive<br><br>Defendant(s) | CASE NUMBER<br>CV11·00415 SVW((WX)<br><br><br>SUMMONS |

TO:    THE ABOVE-NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED and required to file with this court and serve upon plaintiff's attorney
J. Andrew Coombs _____, whose address is:

```
J. Andrew Coombs, A P. C.
517 E. Wilson Ave., Suite 202
Glendale, California 91206
```

an answer to the ☒ complaint   ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim
which is herewith served upon you within __21__ days after service of this Summons upon you, exclusive
of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief
demanded in the complaint.

CLERK, U.S. DISTRICT COURT

Date:  JAN 1 3 2011

By: _____
JULIE PRADO
Deputy Clerk
(Seal of the Court)

SEAL

CV-1A (01/01)

## CIVIL COVER SHEET

**I.(a) PLAINTIFFS**

Deckers Outdoor Corporation

**DEFENDANTS**

Cassandra Dalton a/k/a Cassandra Toney and Does 1 – 10, inclusive,

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Santa Barbara
( EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)

J. Andrew Coombs (SBN 123881) / Annie S. Wang (SBN 243027)
J. Andrew Coombs, A P. C.
517 E. Wilson Ave., Suite 202, Glendale, California 91206
Telephone: (818) 500-3200 / Facsimile: (818) 500-3201

ATTORNEYS (IF KNOWN)

---

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX
(For Diversity Cases Only) FOR PLAINTIFF AND ONE FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN x IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multi-district Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**V. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $       Check YES only if demanded in complaint: **JURY DEMAND:** ☒ YES ☐ NO

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Trademark infringement 15 U.S.C. §§ 1051, et seq.

**VII. NATURE OF SUIT** (PLACE AN x IN ONE BOX ONLY)

| OTHER STATUTES | CONTRACT | TORTS | | FORFEITURE / PENALTY | BANKRUPTCY |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs | ☐ 830 Patent |
| ☐ 810 Selective Service | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety /Health | ☒ 840 Trademark |
| ☐ 850 Securities/Commodities/ Exchange | | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | SOCIAL SECURITY |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | REAL PROPERTY | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Information Act | ☐ 210 Land Condemnation | ☐ 442 Employment | ☐ 530 General | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 220 Foreclosure | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 444 Welfare | ☐ 540 Mandamus/ Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 890 Other Statutory Actions | ☐ 240 Torts to Land | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | |
| | ☐ 245 Tort Product Liability | | ☐ 555 Prison Condition | | |
| | ☐ 290 All Other Real Property | | | | |

**VIII.(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☐ YES ☒ NO

If yes, list case number(s): _____   CV11 · 00415

---
CV-71 (10/01)                    CIVIL COVER SHEET                    Page 1 of 2

FOR OFFICE USE ONLY:   ☐ Pro Hac Vice fee: ☐ paid ☐ not paid
Applying IFP_____   Judge_____   Mag. Judge_____

CIVIL COVER SHEET
(Reverse Side)

**AFTER COMPLETING THE FRONT SIDE OF FORM JS-44C, COMPLETE THE INFORMATION REQUESTED BELOW.**

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☐YES ☒NO

If yes, list case number(s): _____

CIVIL CASES ARE DEEMED RELATED IF A PREVIOUSLY FILED CASE AND THE PRESENT CASE:

(CHECK ALL BOXES THAT APPLY)   ☐ A.  Appear to arise from the same or substantially identical transactions, happenings, or events;

☐ B.  Involve the same or substantially the same parties or property;

☐ C.  Involve the same patent, trademark or copyright;

☐ D.  Call for determination of the same or substantially identical questions of law, or

☐ E.  Likely for other reasons may entail unnecessary duplication of labor if heard by different judges.

---

**IX. VENUE:** List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
☐ CHECK HERE IF THE US GOVERNMENT, ITS AGENCIES OR EMPLOYEES IS A NAMED PLAINTIFF.

Santa Barbara

List the California County, or State if other than California, in which EACH named defendant resides.  (Use an additional sheet if necessary).
☐ CHECK HERE IF THE US GOVERNMENT, ITS AGENCIES OR EMPLOYEES IS A NAMED DEFENDANT.

Kentucky

List the California County, or State if other than California, in which EACH claim arose.  (Use an additional sheet if necessary)
**NOTE:** In land condemnation cases, use the location of the tract of land involved.

Los Angeles

---

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** X _____   Date 1-13-11

**NOTICE TO COUNSEL/PARTIES:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

---

Key to Statistical codes relating to Social Security Cases:

| NATURE OF SUIT CODE | ABBREVIATION | SUBSTANTIVE STATEMENT OF CAUSE OF ACTION |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended.  Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |