1  J. Andrew Coombs (SBN 123881)
   andy@coombspc.com
2  Annie S. Wang (SBN 243027)
   annie@coombspc.com
3  J. Andrew Coombs, A Prof. Corp.
   517 E. Wilson Avenue, Suite 202
4  Glendale, California 91206
   Telephone: (818) 500-3200
5  Facsimile: (818) 500-3201

6  Attorneys for Plaintiff
   Deckers Outdoor Corporation
7

8  Cassandra Dalton a/k/a Cassandra Toney

9  Somerset, KY 42501

10 Defendant, *in pro se*

11

                    FILED
           CLERK, U.S. DISTRICT COURT
                  APR 14 2011
           CENTRAL DISTRICT OF CALIFORNIA
           BY              DEPUTY

           Priority
           Send
           Enter
           Closed
           JS-5/JS-6  ✓
           JS-2/JS-3
           Scan Only

                UNITED STATES DISTRICT COURT
12
                CENTRAL DISTRICT OF CALIFORNIA
13

14 Deckers Outdoor Corporation,           )  Case No. CV11-00415 SVW (CWx)
15                     Plaintiff,         )  [PROPOSED] CONSENT
                                          )  DECREE PURSUANT TO
16     v.                                 )  STIPULATION
                                          )
17 Cassandra Dalton a/k/a Cassandra Toney )
   and Does 1 – 10, inclusive,            )
18                                        )  NOTE CHANGES MADE BY THE COURT.
                     Defendants.          )
19                                        )

20      The Court, having read and considered the Joint Stipulation Regarding Entry of
21 Proposed Consent Decree that has been executed by Plaintiff Deckers Outdoor
22 Corporation ("Deckers" or "Plaintiff") and Defendant Cassandra Dalton a/k/a
23 Cassandra Toney ("Defendant"), in this action:
24      GOOD CAUSE APPEARING THEREFORE, THE COURT ORDERS that this
25 Permanent Injunction shall be and is hereby entered in the within action as follows:
26 1)   This Court has jurisdiction over the parties to this action and over the subject
27 matter hereof pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, et seq.,
28 as well as 28 U.S.C. § 1338(a) and 28 U.S.C. § 1331.

Deckers v. Dalton: Proposed Consent Decree          - 1 -

2)   Service of process was properly made on the Defendant.

3)   Deckers owns or controls the pertinent rights in and to the trademarks listed in Exhibits "A" and "B" attached hereto and incorporated herein by this reference (The trademarks identified in Exhibits "A" and "B" are collectively referred to herein as the "Deckers Trademarks").

4)   Deckers has alleged that Defendant has made unauthorized uses of the Deckers Trademarks or substantially similar likenesses or colorable imitations thereof.

5)   Defendant and her agents, servants, employees and all persons in active concert and participation with them who receive actual notice of the Injunction are hereby restrained and enjoined, pursuant to 15 U.S.C. § 1116, from:

   a)   Infringing the Deckers Trademarks, either directly or contributorily, in any manner, by:

      i)   Importing, manufacturing, distributing, advertising, selling and/or offering for sale any unauthorized products which picture, reproduce, copy or use the likenesses of or bear a confusing similarity to any of the Deckers Trademarks ("Unauthorized Products");

      ii)   Importing, manufacturing, distributing, advertising, selling and/or offering for sale in connection thereto any unauthorized promotional materials, labels, packaging or containers which picture, reproduce, copy or use the likenesses of or bear a confusing similarity to any of the Deckers Trademarks;

      iii)   Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive purchasers, Defendant's customers and/or members of the public to believe, the actions of Defendant, the products sold by Defendant, or the Defendant herself is connected with Deckers, are sponsored, approved or licensed by Deckers, or are affiliated with Deckers;

     iv)    Affixing, applying, annexing or using in connection with the importation, manufacture, distribution, advertising, sale and/or offer for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Deckers.

6)    Defendant is ordered to deliver for destruction all Unauthorized Products, including footwear, and labels, signs, prints, packages, dyes, wrappers, receptacles and advertisements relating thereto in her possession or under her control bearing any of the Deckers Trademarks or any simulation, reproduction, counterfeit, copy or colorable imitations thereof, and all plates, molds, heat transfers, screens, matrices and other means of making the same.

7)    Except for the allegations contained herein, the claims alleged in the Complaint against Defendant, are dismissed with prejudice.

8)    This Injunction shall be deemed to have been served upon Defendant at the time of its execution by the Court.

9)    The Court finds there is no just reason for delay in entering this Injunction and, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs immediate entry of this Injunction against Defendant.

10)    The Court shall retain jurisdiction of this action to entertain such further proceedings ~~and~~ to enter such further orders as may ~~be necessary~~ or appropriate to implement and enforce ~~the provisions~~ of this Injunction or to enforce the Settlement Agreement entered into between the parties.

12)    The ~~above-~~captioned action, shall, upon filing by Plaintiff of the Settlement Agreement, Stipulation ~~for~~ Entry of Judgment ~~and Judgment~~ Pursuant to Stipulation, and requesting ~~entry of~~ judgment against Defendant, be reopened should Defendant default under the terms of the Settlement Agreement.

13) This Court shall retain jurisdiction over the Defendant for the purpose of making further orders necessary or proper for the construction or modification of this consent decree and judgment; the enforcement hereof; the punishment of any violations hereof, and for the possible entry of a further Judgment Pursuant to Stipulation in this action.

IT IS SO ORDERED.

DATED: 4/13/11

Hon. Stephen V. Wilson
United States District Judge

PRESENTED BY:
J. Andrew Coombs, A P. C.

By: /s/ Annie S. Wang
   J. Andrew Coombs
   Annie S. Wang
Attorneys for Plaintiff
Deckers Outdoor Corporation

Cassandra Dalton a/k/a Cassandra Toney
By: Cassandra Dalton
   Cassandra Dalton
Defendant, *in pro se*

# EXHIBIT A

## UGG U.S. Registration No. 3,050,925

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

**United States Patent and Trademark Office**

Reg. No. 3,050,925
Registered Jan. 24, 2006

### TRADEMARK
### PRINCIPAL REGISTER

# UGG

DECKERS OUTDOOR CORPORATION (DELAWARE CORPORATION)
495-A SOUTH FAIRVIEW AVENUE
GOLETA, CA 93117

FOR: MEN'S, WOMEN'S AND CHILDREN'S FOOTWEAR, NAMELY, BOOTS, SHOES, CLOGS, SLIPPERS; MEN'S, WOMEN'S AND CHILDREN'S CLOTHING, NAMELY, COATS, JACKETS, PONCHOS; WOMEN'S CLOTHING, NAMELY, SKIRTS, MUFFS; CHILDREN'S BUNTINGS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 12-28-1979; IN COMMERCE 12-28-1979.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 78-976,129, FILED 1-21-2005.

BARBARA A. LOUGHRAN, EXAMINING ATTORNEY

Case 2:11-cv-00415-SVW-CW   Document 6   Filed 04/14/11   Page 8 of 8   Page ID #:59

# EXHIBIT B

<u>Sun Logo U.S. Registration No. 2,314,853</u>

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

**United States Patent and Trademark Office**

Reg. No. 2,314,853
Registered Feb. 1, 2000

**TRADEMARK**
**PRINCIPAL REGISTER**

WELLS FARGO BANK, N.A. (CALIFORNIA NATIONAL BANKING ASSOCIATION)
495-A S. FAIRVIEW
GOLETA, CA 93117 BY ASSIGNMENT UGG HOLDINGS, INC. (CALIFORNIA CORPORATION)
GOLETA, CA 93117

FOR: FOOTWEAR, IN CLASS 25 (U.S. CLS. 22 AND 39).
FIRST USE 10-0-1996; IN COMMERCE 3-0-1997.

SN 75-249,238, FILED 2-28-1997.

GEORGE LORENZO, EXAMINING ATTORNEY

Deckers v. Dalton: Proposed Consent Decree                - 6 -